# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| ERMA D. POOLE | : | DOCKET NO. 04-1223 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

Erma D. Poole filed an application for Disability Insurance Benefits on January 16, 2001. (Tr. 15, 128-130). She alleged an inability to work since May 1, 2000, due to osteophytic rigging and spurring. (Tr. 70, 128). The claim was denied at the initial level of the administrative process. (Tr. 131-135). Thereafter, plaintiff requested, and received a December 10, 2001, hearing before an Administrative Law Judge ("ALJ"). (Tr. 22-40). In a February 8, 2002, written decision, the ALJ determined that Poole was not disabled under the Act, finding at Step Four of the sequential evaluation process, that she could return to past relevant work as a video

store employee. (Tr. 15-21). Poole appealed the adverse decision to the Appeals Council. However, on April 8, 2004, the Appeals Council denied Poole's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

Poole now seeks to have this court review the denial of benefits.[1] She alleges that:

(1) the Commissioner's residual functional capacity is not supported by substantial evidence; and

(2) the ALJ's hypothetical question to the vocational expert was defective.

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented him from engaging in any

---

[1] Upon defendant's unopposed motion, the matter was remanded pursuant to sentence six of section 205(g) of the Social Security Act so that missing portions of the record could be found and added to the administrative record. (*See*, September 13, 2004, Order). On March 4, 2005, the administrative record was filed with the court.

substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit her to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

### *Issue 1:*

The ALJ found at Step Two of the sequential evaluation process that Poole suffered from severe impairments of musculoskeletal disorders. (Tr. 16). However, the impairments were not

severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (Tr. 16, 20).

The ALJ next determined that Poole retained the residual functional capacity for light work activity. (Tr. 19-20).[2] Plaintiff complains that the ALJ's residual functional capacity assessment is not supported by substantial evidence. We agree.

The ALJ draws support for his residual functional capacity determination from three principal sources: a consultative examination performed by Dr. Ayers; a November 29, 2001, letter from Dr. Lee – one of plaintiff's treating physicians; and plaintiff's activities of daily living. This support proves illusory, however.

Despite findings generally consistent with the demands of light work, Dr. Ayers' examination was conducted in May 2001 – over eight months before the ALJ's decision. (*See*, Tr. 96-99). In October 2001, MRI results confirmed that plaintiff's impairments were more serious than previously thought (*e.g.*, disc protrusion and neuroforaminal encroachment in the cervical spine, and multi-level disc disease of the lumbar spine). (Tr. 114-117). Indeed, the ALJ

---

[2] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

4

acknowledged that more recent information had undermined a June 11, 2001, agency RFC assessment that had been premised on Dr. Ayers' examination. (Tr. 19, 104-111).[3]

In the November 29, 2001, letter, Dr. Lee's office manager wrote that Dr. Lee had instructed Poole to moderate her activities. (Tr. 113). The letter further indicated that medication provided only temporary relief, and that most activities, including housework and computer work, aggravated the pain. *Id*. From this letter, the ALJ concluded that Dr. Lee opined that Poole could perform "light (or moderate) work activity." (Tr. 18). While it could be inferred from the November 29, 2001, letter that Dr. Lee believed that Poole could still perform some limited activities, by no means does the letter indicate that Poole could perform the exertional demands for the full range of light work. Rather, the letter plainly stated that most activities aggravated Poole's pain. (Tr. 113).

Similarly, although Poole's testimony revealed that she could still perform some activities, it did not establish that she retained the capacity to perform all of the exertional demands of light work. (Tr. 22-40).

In sum, the record remains devoid of a valid medical assessment of the limitations caused by plaintiff's impairments. Without the requisite medical assessment or other corroborating evidence, the ALJ's determination that plaintiff retained the residual functional capacity for light work is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557 -558 (5th Cir. 1995)(substantial evidence lacking where no medical assessment of claimant's RFC, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number

---

[3] The agency assessment was completed by a non-physician disability examiner. (Tr. 111).

03-31052 (5th Cir. 06/02/2004)(unpublished)(in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).[4]

We further note that the record contains a March 22, 2002, letter written by another treating physician – Dr. Soileau. (Tr. 122-123). In his letter, Dr. Soileau indicated that he had been following Poole for four months. *Id.* He stated that even with her medication, Poole's condition required her to frequently lay down, and take some of the pressure off of her spine. *Id.* Soileau opined that Poole was unable to lift more than a small group of papers. *Id*. He further stated that Poole was unable to perform tasks that required sustained sitting or standing. *Id.* Dr. Soileau concluded that Poole was able to work with her mind, and that she could stay upright for about an hour before she had to rest her spine. *Id.* Needless to say, this evidence is inconsistent with the residual functional capacity for light work.

The ALJ makes no mention of Dr. Soileau's letter. However, that omission is undoubtedly because the letter is dated one and one-half months after the ALJ's decision. Nevertheless, the letter was before the Appeals Council. (Tr. 4-7). Thus, the letter constitutes part of the instant record – provided that it was new, material and related to the period before the ALJ's decision. *See, Higginbotham v. Barnhart* 405 F.3d 332 (5th Cir. 2005); 20 C.F.R. §

---

[4] Unpublished Fifth Circuit opinions issued on, or after January 1, 1996, are ordinarily not precedent. FRAP 47.5.4. However, they are persuasive. *Id.* Moreover, the fact that a case remains unpublished reflects the panel's belief that the decision simply reaffirmed a well-settled principle of law. *See*, FRAP 47.5.1.

404.970(b).[5]  Given the lack of a valid medical assessment in the record before the ALJ, we find that Dr. Soileau's discussion of Poole's limitations constitutes new evidence.  Moreover, the limitations recognized by Dr. Soileau are inconsistent with the Commissioner's residual functional capacity assessment, and thus are material.  Finally, we recognize that the letter was written not long after the ALJ's decision and addressed pre-decision treatment.  In sum, we may properly consider Dr. Soileau's letter, and it further undermines the ALJ's residual functional capacity determination.

Because the foundation for the ALJ's Step Four determination was premised upon a residual functional capacity that is not supported by substantial evidence, we necessarily find that the ALJ's ultimate conclusion that plaintiff is not disabled is likewise not supported by substantial evidence.

For the foregoing reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

---

[5] *Higginbotham* cited *Perez v. Chater*, and *Wilkins v. Sec'y Dept. of Health Human Servs.* as support for its finding that post-ALJ evidence is to be considered part of the record. *See, Higginbotham*, 405 F.3d at fn. 3 (*citing inter alia*, *Perez v. Chater*, 77 F.3d 41, 44–45 (2d Cir.1996) and *Wilkins v. Sec'y, Dept. of Health Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)).  Both *Perez* and *Wilkins* require that the subsequent evidence be new, material and relevant to the pre-ALJ decisional period.  *Perez, supra*; *Wilkins, supra* (citing, 20 C.F.R. § 404.970(b)).

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of August, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE